## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **John J. Toughill,** | **Civil No. 07-2529 (MJD/SRN)** |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **Michael J. Astrue, Commissioner**<br>**of Social Security,** | |
| **Defendant.** | |

John J. Toughill, <u>pro se</u>, P.O. Box 52065, Minneapolis, Minnesota 55402

Lonnie F. Bryan, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 9).  The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the Court recommends that the motion be granted and the case be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff commenced this action on May 30, 2007, challenging an adverse decision by the Social Security Administration.  He sought and received permission to proceed without prepayment of fees, and the Court referred him to the Volunteer Lawyers Network.  The record does not show if Plaintiff followed through with that referral.  Defendant filed an Answer and the administrative record on August 7, 2007.  According to District of Minnesota Local Rule 7.2(b)(1), Plaintiff was then obligated to file a motion for summary judgment and a supporting

memorandum of law within sixty days.  He did not do so.  On October 24, 2007, Defendant

wrote Plaintiff a letter, advising him of his obligation to file a motion for summary judgment and

referencing Local Rule 7.2(b)(1).  Defendant also advised Plaintiff that he should immediately

file his motion or move for an extension of time, or Defendant would seek dismissal pursuant to

Federal Rule of Civil Procedure 41.  Plaintiff did not file anything in response to the letter.

On November 30, 2007, Defendant moved to dismiss the case pursuant to Rule 41(b),

based on Plaintiff's failure to prosecute.  Defendant asserts that Plaintiff intentionally violated

the rule, thereby warranting dismissal with prejudice, in accordance with Rodgers v. Curators of

University of Missouri, 135 F.3d 1216 (8th Cir. 1998).  Plaintiff did not respond to the motion to

dismiss.

## II.    DISCUSSION

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a

court order, a defendant may move to dismiss the action or any claim against it.  Unless the

dismissal order states otherwise, a dismissal under this subdivision . . . operates as an

adjudication on the merits."  Fed. R. Civ. P. 41(b).

The Court appreciates that Plaintiff is appearing pro se in this matter and may not know

all of the applicable laws and procedures.  However, Plaintiff has had ample time and notice to

file his motion for summary judgment.  Plaintiff's motion was due more than eight months ago.

Defendant warned Plaintiff by letter of the delinquency more than seven months ago, and

Defendant filed the motion to dismiss more than six months ago.  Plaintiff did not respond to the

letter or the motion, and in fact, he has not filed anything since his Complaint.  Under these

circumstances, the Court finds that Plaintiff has failed to prosecute his case, and dismissal is

appropriate under Rule 41(b).

The Court further finds that the dismissal should be without prejudice.  Rule 41(b) gives courts the option to specify that a dismissal under the rule will not operate an adjudication on the merits.  Plaintiff should not be punished for appearing pro se by preventing him from retaining a lawyer in the future.  See Heller v. Soc. Sec. Admin., Civ. No. 06-3333 (MJD/SRN), 2007 WL 586786, at *1 (D. Minn. Feb. 13, 2007).  Rodgers, on which Defendant relies, is significantly different from the case at hand.  There, the plaintiff was represented by counsel, and he deliberately and repeatedly ignored court orders and failed to appear at proceedings.  135 F.3d at 1219-20.  Thus, dismissal of his claims with prejudice was appropriate.  Id. at 1221-22.

Of final note, Plaintiff will have one more opportunity to demonstrate his intention to proceed with this case by filing objections to this Report and Recommendation.  Thus, Plaintiff is instructed that if he wishes to maintain this action, he must indicate that intention by properly filing objections, as instructed below, and moving for an extension of time to file his summary judgment motion.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Defendant's Motion to Dismiss (Doc. No. 9) be **GRANTED**; and

2.      This matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 9, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing

with the Clerk of Court, and serving all parties by **June 24, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.